# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY B. WILKS,

                Plaintiff,

v.

WELCOME ROSE, ANTHONY MELI, LINDA ALSUM-O'DONOVAN, JOHN DAHLKE, CRAIG CODA, and JAMES MUENCHOW,

                Defendants.

Case No. 15-CV-1053-JPS
7th Cir. Case No. 17-1874

**ORDER**

Plaintiff, a prisoner incarcerated at Waupun Correctional Institution, proceeds *pro se* in this matter in which he alleges that his civil rights were violated. (Docket #1). On March 28, 2017, District Judge Charles N. Clevert, Jr., granted Defendants' motion for summary judgment and dismissed this action with prejudice. (Docket #41 and #42). On April 26, 2017, Plaintiff filed a notice of appeal of that ruling. (Docket #44). That same day, Plaintiff filed a motion to proceed on his appeal *in forma pauperis*. (Docket #46). On April 28, 2017, the matter was reassigned to this branch of the Court.

Plaintiff may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether Plaintiff takes the appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026. This is the case

when a reasonable person could suppose the issue to have some legal merit. *Id.*

Plaintiff's appeal is not taken in good faith. Plaintiff's motion to proceed *in forma pauperis* states that Judge Clevert erred in his assessment of the material facts, in finding that Defendants had a legitimate penological interest in limiting Plaintiff's book publishing activities, and in not permitting him to proceed on a retaliation claim. (Docket #46-1 at 1). These contentions are meritless. As to the retaliation claim, Judge Clevert's screening order states that Plaintiff alleged First Amendment retaliation for reading a Wisconsin statute to prevent him from marketing a book he wrote. (Docket #9 at 5). Plaintiff was allowed to proceed on a standard First Amendment claim, namely for denying Plaintiff the opportunity to possess and mail marketing materials. *Id.* at 6-7. These claims would be duplicative and there was no reason for Plaintiff to proceed on both.

As noted in the summary judgment order, the ultimate set of undisputed facts was established by Judge Clevert's careful consideration of the parties' factual briefing. If certain facts included in that order were not as Plaintiff believed, it was due to his failure to properly support or dispute that fact. (Docket #41 at 1 n.2). Even assuming Plaintiff had any arguable basis to dispute Judge Clevert's application of relevant precedent (with regard to a "legitimate penological interest" analysis), the entire discussion was offered in the alternative. Judge Clevert ruled that Defendants were entitled to qualified immunity, and Plaintiff does not contest that finding. *Id.* at 17-18; *see* (Docket #46-1 at 1). In sum, no reasonable person could suppose that the instant appeal has merit, and the Court must therefore deny the motion for leave to proceed on appeal *in forma pauperis*. The Court will likewise deny as moot Plaintiff's request

related to paying an initial partial filing fee, which erroneously assumed that he would be granted *in forma pauperis* status on appeal. (Docket #46 at 2-3).

Because the Court certifies that the appeal is not taken in good faith, the Court provides the following information to Plaintiff regarding proceeding before the Seventh Circuit. Plaintiff will not be able to proceed on appeal without paying the filing fee, unless the court of appeals gives him permission to do so. Plaintiff has 30 days from the date of this order to request that the Seventh Circuit review the Court's denial of his motion for leave to appeal without prepayment of the filing fee on appeal. Fed. R. App. P. 24. If Plaintiff requests review by the Seventh Circuit, he must include an affidavit and statement of issues he intends to present on appeal, pursuant to Fed. R. App. P. 24(a). He must also provide a copy of this order, in addition to the notice of appeal he previously filed. If Plaintiff does not request review of this order, the Seventh Circuit may choose not to address the Court's denial of Plaintiff's motion; instead, it may require Plaintiff to pay the full filing fee before it considers his case. Failure to pay a required fee may result in dismissal of the appeal.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to appeal without prepayment of the filing fee (Docket #46) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion related to his initial partial filing fee on appeal (Docket #46) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 18th day of May, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge