# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY B. WILKS,

        Plaintiff,

v.

WELCOME ROSE, ANTHONY MELI, LINDA ALSUM-O'DONOVAN, JOHN DAHLKE, CRAIG CODA, and JAMES MUENCHOW,

        Defendants.

Case No. 15-CV-1053-JPS

**ORDER**

On June 17, 2019, Plaintiff filed a motion seeking permission to utilize his prison release account to pay the balance of the filing fee he owes for the appeal he took in this matter. (Docket #63). This Court lacks the authority—statutory or otherwise—to order that a prisoner may tap into his release account to pay current (or future) litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Denying prisoners the use of their release accounts to fund litigation costs is also prudent given that those accounts are "restricted account[s] maintained by the [DOC] to be used upon the prisoner's release from custody." *Id.* Permitting a prisoner to invade that account for litigation costs could be a detriment to that prisoner's likelihood of success post-incarceration, *see* Wis. Admin. Code § DOC 309.466 (stating that

disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is overly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). He is not free, however, to tap into his release account to cover those legal costs. In light of the foregoing, the Court will deny Plaintiff's motion to use release account funds to pay the remainder of the filing fee he owes on the appeal.[1]

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to use release account funds to pay the appeal filing fee (Docket #63) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to pay an initial partial filing fee on appeal with release account funds (Docket #61) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 18th day of June, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[1] The Court will also deny as moot a pending motion regarding payment of an initial partial filing fee on appeal with release account funds. (Docket #61).